**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Shakirah Brightly,<br><br>individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>   -v.-<br><br>Northstar Location Services, LLC;<br><br>and John Does 1-25.<br><br>                                   Defendant(s). | Civil Action No: 2:21-cv-11620<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shakirah Brightly brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Northstar Location Services, LLC ("Northstar"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.    The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Essex.

8. Defendant Northstar is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 4285 Genesee Street Cheektowaga, New York 14225.

9. Upon information and belief, Defendant Northstar is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom Defendant Northstar sent a collection letter;

    c. attempting to collect a consumer debt;

    d. in two sub-classes where the letter

        1. states that the consumer has agreed to a payment arrangement although the consumer never agreed to any payment arrangement; or

        2. fails to state whether or not the listed payment arrangement is to settle the debt in full;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal

      issue is whether the Defendants' written communication to consumers, in the forms **attached as Exhibit A**, violate 15 U.S.C. § l692e and §1692f.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above paragraphs as if set forth here.

21. Some time prior to January 12, 2021, an obligation was allegedly incurred to non-party American Honda Finance Corporation ("Honda").

22. The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically financing for a car.

23. The alleged Honda obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. Honda is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief Honda contracted with the Defendant Northstar to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – January 12, 2021 Collection Letter*

27. On or about January 12, 2021, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to Honda . A copy of this letter is attached as Exhibit A.

28. The collection letter states: "This letter will confirm your agreement with the following payment arrangement."

29. The Letter then lists three payments of $4,078.00 each, due on January 27, 2021, March 27, 2021 and February 27, 2021, based on this "agreement".

30. Plaintiff never agreed to this, or any, payment arrangement.

31. The Letter is false, deceptive and misleading in claiming the consumer is a party to a payment agreement to which the consumer never agreed.

32. The letter also fails to state whether or not the debt will be considered settled if the consumer makes the listed payments.

33. Defendant's actions were false, deceptive, and/or misleading.

34. Plaintiff was fearful, concerned, and confused by the Letter.

35. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

36. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

37. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

38. These violations by Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adapted to avoid any such violations.

39. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

40. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's

ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

41. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

42. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

43. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

44. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

45. Plaintiff repeats the above paragraphs as if set forth here.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendant violated said section by:

   a. Making a false and misleading representation of the settlement status and character of the debt in violation of §1692e (2);

   b. Using false and deceptive means to collect a debt in failing to state whether or not a settlement offer would be considered payment in full, in violation of §§ 1692e and 1692e (10).

49.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

50.     Plaintiff repeats the above paragraphs as if set forth here.

51.     In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

52.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

53.     Defendant violated this section by

   a. Making an unfairly false and misleading representation of the settlement status and character of the debt;

   b. Unfairly using false and deceptive means to collect a debt in failing to state whether or not a settlement offer would be considered payment in full.

54.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

55.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shakirah Brightly, individually and on behalf of all others similarly situated, demands judgment from Defendant Northstar as follows:

    i.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

    ii.    Awarding Plaintiff and the Class statutory damages;

    iii.    Awarding Plaintiff and the Class actual damages;

    iv.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    v.    Awarding pre-judgment interest and post-judgment interest; and

    vi.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 21, 2021

Respectfully submitted,

**Stein Saks PLLC**

/s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501

*Attorneys for Plaintiff*